UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KELLEY O'DONNELL, | : | **1:20-CV-00136** |
|---|---|---|
| Plaintiff | : | |
| v. | : | (Chief Magistrate Judge Schwab) |
| JOHN WETZEL, *et al.*, | : | |
| Defendants | : | |

**ORDER**

March 17, 2020

**I. Introduction.**

This action comes before this court for a screening review of the complaint in accordance with 42 U.S.C. § 1997e(c). For the reasons that follow, we conclude that the complaint fails to state a claim upon which relief can be granted and that the complaint violates Fed.R.Civ.P. 20. We will, however, grant the plaintiff Kelley O'Donnell leave to file an amended complaint. Further, we will deny O'Donnell's motion for the appointment of counsel, and we will deny as moot her application for leave to proceed *in forma pauperis*.

## II. Background.

O'Donnell, a prisoner at the State Correctional Institution at Muncy, commenced this action *pro se* on January 27, 2020, by filing a complaint. She subsequently paid the filing fee for this action.

The complaint names 84 defendants. O'Donnell's complaint consists of a complaint form and an attachment. In the attachment is where O'Donnell makes factual allegations. The attachment is divided into two sections—the first labeled "Unecessary [sic] Use of Force," and the second labeled "Deliberate Indifference to Serious Medical Need." *Doc. 1* at 12–33. Within each section, however, O'Donnell includes allegations regarding a vast array of events, many of which have no discernable connection with each other. And the events span a period of years (how many, also not clearly discernable), with the allegations bouncing from one year to another and back, with no apparent logic. It is also impossible to discern which allegations are meant as background to other allegations or how many (and what) claims O'Donnell is attempting to raise. For the reasons discussed below, we conclude that the complaint fails to state a claim upon which relief can be granted and that the complaint violates Fed.R.Civ.P. 20.

## III. Screening of Prisoner Complaints—Standard of Review.

The court may *sua sponte* dismiss an action brought by a prisoner under federal law complaining about prison conditions if, among other reasons, the action

2

"fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a

3

complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint states a claim upon which relief can be granted, the court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where

4

> there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal,* 556 U.S. at 675, 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. The complaint fails to state a claim upon which relief can be granted, and the complaint violates Fed.R.Civ.P. 20.

O'Donnell's claims are brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'" *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cty.*, 757 F.3d 99,

104 (3d Cir. 2014)). To state a claim under §1983, the plaintiff must allege a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "This already liberal standard is 'even more pronounced' where a plaintiff files the complaint without the assistance of counsel." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Id*. Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id*.

Liberally construing O'Donnell's complaint, we nevertheless conclude that the complaint fails to comply with Fed.R.Civ.P. 8, which requires, among other things, that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), 8(d)(1). O'Donnell's complaint does not contain a short and plain statement of her claims and her allegations are not simple, concise, or direct. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'"

6

*Garrett*, 938 F.3d at 92 (quoting *Erickson*, 551 U.S. at 93). Here, the complaint does not provide fair notice of what O'Donnell's claims are. Accordingly, we conclude that the complaint fails to state a claim upon which relief can be granted.

The complaint also violates Fed.R.Civ.P. 20, which governs permissive joinder of parties. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966)). Still, the liberal policy of joinder under Rule 20 does not mean that unrelated claims and defendants can be joined in one action. Rather, the requirements of Rule 20(a)(2) regarding joinder of defendants must be satisfied, and that Rule provides that persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).

Here, O'Donnell's complaint is based on a series of events, many of which do not appear to be connected to each other. And O'Donnell names 84 defendants, including correctional officers (ranging from the Secretary of the Pennsylvania Department of Correction to corrections officers), medical defendants, and entities

7

that O'Donnell labels "PA DOC CONTRACTORS." *See doc. 1* at 27–33. But O'Donnell fails to plausibly allege that the claims against these numerous defendants arise out of the same transaction, occurrence, or series of transactions or occurrences or that there is a question of law or fact common to all the defendants. Thus, O'Donnell's complaint fails to comply with Rule 20.

**V. Leave to Amend.**

Before dismissing a complaint under a screening provision, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, in light of the liberal-amendment standard, we will grant O'Donnell an opportunity to correct the deficiencies noted above. Thus, the court will grant O'Donnell leave to file an amended complaint.

**VI. O'Donnell's Motion for the Appointment of Counsel.**

Along with her complaint, O'Donnell filed a motion for the appointment of counsel. She asks that the court appoint multiple attorneys to represent her in this case.

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002). Yet 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to

8

represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil case, *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989).

"Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of <u>special circumstances</u> indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'" *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016) (emphasis in original) (quoting *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). But "counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case." *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019).

The United States Court of Appeals for the Third Circuit has "outlined a two-step process" that the court should follow when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff. *Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). First, as a threshold inquiry, the court must consider whether the plaintiff's case has some arguable merit in fact

9

and law. *Montgomery,* 294 F.3d at 498–99. Second, if the plaintiff overcomes this threshold hurdle, the court should consider other factors including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation; (4) the degree to which the case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his or her own behalf. *Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997). This list is not meant to be exhaustive. *Tabron,* 6 F.3d at 157; *see also Houser*, 927 F.3d at 700 ("We have always emphasized that the Tabron factors are only a guidepost for district courts in their exercise of the broad statutory discretion granted to them by Congress. They are not exhaustive, nor are they each always essential."). Rather, the court must determine on a case-by-case basis whether the appointment of counsel is warranted. *Tabron,* 6 F.3d at 158.

When considering motions for appointment of counsel, there are also practical considerations that a court must consider, such as the large number of prisoner civil rights cases; "the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Tabron,* 6 F.3d at 157. Because volunteer lawyer time is limited and extremely valuable, the court should not request counsel

to accept an appointment indiscriminately. *Id.* Thus, "[t]he scarcity of *pro bono* counsel is important, even if it is not among the delineated Tabron factors." *Houser*, 927 F.3d at 700.

Here, as set for the above, the complaint fails to state a claim upon which relief can be granted and violates Fed.R.Civ.P. 20. Thus, we cannot say that O'Donnell's case has some arguable merit in fact and law. And because O'Donnell does not satisfy that threshold requirement, we will deny her motion for the appointment of counsel at this time without prejudice to re-examining this issue as this litigation progresses.

**VII. O'Donnell's Application to Proceed *In Forma Pauperis*.**

O'Donnell recently filed an application for leave to proceed *in forma pauperis*. Because O'Donnell has paid the filing fee for this action, we will deny her application to proceed *in forma pauperis* as moot.

**VIII. Order.**

Based on the foregoing, **IT IS ORDERED** that O'Donnell is **GRANTED** leave to file an amended complaint and, any such amended complaint shall be filed within 28 days of the date of this Order.[1] **IT IS FURTHER ORDERED** that

---

[1] Any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Fed.R.Civ.P. 10(a). O'Donnell "is advised

O'Donnell's motion (*doc. 2*) for the appointment of counsel is **DENIED**. **IT IS ALSO ORDERED** that O'Donnell's application for leave to proceed *in forma pauperis* is **DENIED AS MOOT**.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge

---

that any amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Id*. "Also in general, an amended pleading—like [any] amended complaint here—supersedes the earlier pleading and renders the original pleading a nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017). In other words, if an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure, including the requirements that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim," and "a demand for the relief sought." Fed.R.Civ.P. 8(a)(1)–(3). Further, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). And to the extent it would promote clarity to do so, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Any amended complaint must also comply with Fed.R.Civ.P. 20.